## Flood Estate

*Earle D. Lees, Jr.*, for petitioner.
*Robert V. Maine*, for respondent.

REILLY, *P.J.*, August 22, 1978—Isabelle Flood died December 12, 1973, survived by her husband, James Flood, and no children. For purposes of the

Intestate Act, she was also survived by two living brothers and a deceased brother, who was the father of three children. Her husband, James Flood, was appointed administrator of the estate and he remarried. On March 13, 1977, James Flood died testate, leaving his entire estate to a surviving widow, Iva Flood. James Flood's death occurred prior to distribution and accounting in the estate of Isabelle Flood. Following James' death, his widow, Iva Flood, received, through his estate, his interest in the Isabelle Flood Estate which, under the Intestate Act, was the first $20,000 in value and one-half of the balance of the estate. The remainder of the estate under the act passes to Isabelle Flood's two surviving brothers, who each receive one-sixth of the balance, and the three children of the deceased brother, who each receive one-eighteenth.

Following the death of her husband, Iva Flood renounced her right to administer the Isabelle Flood Estate and nominated the Deposit National Bank of DuBois, Pennsylvania, as administrator, d.b.n., on March 30, 1977. On December 13, 1977, a petition to set aside this grant of letters was filed by one of the nephews, the possessor of a one-eighteenth interest in the balance of the estate. While both parties agree that the proper method of procedure would have been to appeal the action of the register of wills, they have both agreed to proceed to determine the issue on the merits under this petition.

Petitioner alleges in his petition that under the Intestate Act of Pennsylvania, specifically the Probate, Estates and Fiduciaries Act of June 30, 1972, P.L. 508, 20 Pa.C.S.A. §3155, which reads as follows:

"(b) *Letters of administration.*—Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned, and, except for good cause, in the following order:

"(1) Those entitled to the residuary estate under the will.

"(2) The surviving spouse.

"(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class.

"(4) The principal creditors of the decedent at the time of his death.

"(5) Other fit persons.

"(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding clause." Upon the renunciation of Iva Flood, letters of administration must of necessity be granted to either the two surviving brothers or the three children of the deceased brother, in that they are all members of the same class as Iva Flood and that only upon the renunciation of all the members of this class could the Deposit National Bank of DuBois, Pennsylvania, be appointed administrator d.b.n. and in support of this argument cites paragraph 6 of the above act.

This court agrees that, all other things being equal, the position of petitioner is correct. However, the caption of the act states that the order in which letters of administration shall be granted shall be followed *except for good cause*. This, therefore,

gives the register of wills, and through him, this court, a certain amount of discretion in attempting to assure that his actions will be in the best interests of the estate.

In the instant case, no action was taken by any of the heirs for a period of approximately nine months following the granting of the letters of administration d.b.n. to the bank. It now appears that the final accounting and distribution will be made in the very near future. To revoke the grant of letters to the bank and require the additional action of the register to issue any letters to another member of the same class as Iva Flood would add needless expense and delay to the administration of the estate. There has, of course, been absolutely no allegation that the Deposit National Bank has been unable to properly administer the estate or that it is not doing so in an expeditious fashion, and this court can find absolutely no cause to disturb the present situation except that an heir to one-eighteenth interest of the remainder of the estate so demands. On the contrary, however, this court is satisfied that to require that the prayer of the petition be granted would result in unnecessary time and expense to the Isabelle Flood Estate, and in view of the imminence of the accounting and distribution to require this would be an irresponsible act.

Wherefore, the court enters the following

## ORDER

Now, August 22, 1978, following hearing into the above-captioned appeal from the action of the Register of Wills of Clearfield County granting letters of administration d.b.n. to the Deposit National Bank

of DuBois, Pennsylvania, in the above-captioned estate, it is the order of this court that said petition be and is hereby dismissed.